**SEALED**

FILED BY _____ NJC _____ D.C.

Feb 26, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ALEX NAIN SAAB MORAN, and
ALVARO PULIDO VARGAS, a/k/a
"German Enrique Rubio Salas,"

Defendants.

Case No. 19-20450-CR-Scola

*EX PARTE*

UNDER SEAL

### ALEX NAIN SAAB MORAN'S *EX PARTE*, SEALED APPLICATION TO FILE REDACTED ENGAGEMENT LETTER UNDER SEAL AND *EX PARTE* FOR *IN CAMERA* REVIEW

Defendant Alex Nain Saab Moran ("Mr. Saab"), by and through his undersigned counsel, respectfully submits this sealed, *ex parte* motion seeking leave to file his redacted attorney engagement letter under seal and *ex parte* for the Court's *in camera* review. Mr. Saab moves pursuant to Local Rule 5.4(a), (c), and (d), and the Court's inherent authority. In support of this motion, Mr. Saab states as follows:

1. On January 21, 2021, Mr. Saab filed a *Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment*. ECF No. 10 (the "Motion to Vacate"). The motion was signed by Florida-based counsel from BakerHostetler LLP.

2. Additional, non-Florida-based attorneys from BakerHostetler thereafter sought to appear *pro hac vice*. *See* ECF Nos. 11-12, 14-17. The *pro hac vice* motions were granted by the Court on January 25, 2021. *See* ECF Nos. 18-23.

3. In advance of filing the Motion to Vacate, counsel for Mr. Saab contacted counsel for the government in order to meet and confer pursuant to Local Rule 88.9. In doing so, on January 19, 2021, counsel for Mr. Saab advised counsel for the government that "We represent Alex Nain

Saab Moran in an indicted case pending in the Southern District of Florida (19-cr-20450-RNS)." *See* **Exhibit A**.

4. Later that day, counsel for the government asked if there was "a representation letter you can share with the us." *Id.* Counsel for Mr. Saab declined to share the engagement letter, but again confirmed "that we have been retained by Mr. Saab Moran and have a signed engagement letter." *Id.*

5. Counsel for the government then sought a redacted engagement letter, which counsel for Mr. Saab declined to provide noting no awareness "of any obligation for defense counsel to share their engagement letter with prosecutors." *Id.*

6. Counsel's engagement by Mr. Saab was again confirmed verbally during the telephonic meet-and-confer among counsel the following day.

7. On February 22, 2021, the government filed its opposition to the Motion to Vacate. ECF No. 24 (the "Opposition"). In the Opposition, the government asserts that "it is not clear that counsel who filed the present motion represent or were engaged by Saab Moran as opposed to another entity or individual." *Id.* at 5. Further, the government states that it has "concerns" whether counsel actually represents Mr. Saab. *Id.* at 5, 7. The government's Opposition then goes on to assert that "in light of these concerns . . . as well as counsel's refusal to provide an engagement letter from Saab Moran or other documentary support" the Motion to Vacate should be denied without prejudice. *Id.* at 7. The government suggests that the solution is to provide an engagement letter to the government or *ex parte* to the Court. *Id.*

8. Although there is no obligation to disclose, in the interest of economy Mr. Saab has included with this motion a redacted engagement letter for the Court's *ex parte* consideration *in camera*. *See* **Exhibit B**; L.R. 5.4(c)(2). By this motion, Mr. Saab respectfully requests that this

motion and the engagement letter be maintained under seal for, at least, the duration of this case plus six months. L.R. 5.4(c)(1).

9. There is a presumption that court records are public. *See* L.R. 5.4(a); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). There is no absolute right to inspect and copy records, however, and the decision to seal records is entrusted to the Court's discretion. *Id. See also Day v. Barnett Outdoors, LLC*, No. 16-cv-2480, 2017 WL 10275970, at *1 (M.D. Fla. Aug. 8, 2017) ("Trial courts have the inherent authority and discretion to seal records.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

10. The presumption of access "may be overcome by a showing of good cause, which requires balance[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co.*, 263 F.3d at 1309).

11. Here, there exists good cause for departing from the presumption of public access. First, portions of the letter contain attorney-client privileged material. In the normal course, engagement agreements are not necessarily protected by the attorney-client privilege—at least where they do not reveal client communications. *See, e.g., Kaplan v. Kaplan*, No. 2:10-cv-237, 2012 WL 995202, at *3 (M.D. Fla. Mar. 23, 2012) (quoting *FTC v. Cambridge Exchange, Ltd.*, 845 F. Supp. 812, 874 (S.D. Fla. 1993). Of course, where there are confidential attorney-client communications, such information should be redacted and kept from disclosure. *Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.*, No. 5:04-CV-12, 2009 WL 10675487, at *1 (M.D. Fla. Aug. 3, 2009). Here, there are such communications including those that relate to the scope of the engagement, and legal strategy, among others. The letter is privileged.

12. Second, the government has expressly invited Mr. Saab to make an *ex parte* submission to the Court in order to alleviate its purported concerns. Opp'n at 7. An *ex parte* submission is appropriate here, where the government has no entitlement to pre-arraignment disclosure and the engagement letter would not fall within the scope of Fed. R. Crim. P. 16(b). Further, although a conditional right of public access applies to material filed with the Court, the letter does not have any evidentiary value such that it would be used as an exhibit at trial and thus, otherwise, become public. Mr. Saab is only submitting the letter for the court's *in camera* review because the government has raised a frivolous argument which readily can be put to rest. The letter is irrelevant to, and has no bearing on, the merits of the underlying action. It is not something that would ordinarily be available to the public in a criminal case.

13. Of course, an *ex parte* submission is necessarily restricted. *See* L.R. 5.4(e)(2) ("Access to ex parte motions and related filings will remain restricted unless the Court orders otherwise."). Maintaining this restriction, including from opposing counsel, is appropriate.

14. Third, this is a fraught case where the United States arrested a foreign diplomat who was in transit and on a diplomatic, humanitarian mission. The government has also recognized the "safety concerns associated with this case as they relate to Saab Moran and his family." Opp'n at 7. Maintaining this submission and the engagement letter under seal alleviates any safety risk posed by unnecessary public disclosure. *See, e.g., Medina v. United Christian Evangelistic Ass'n of Fla.*, No. 08-22111-civ, 2010 WL 5392661, at *1 (S.D. Fla. Dec. 21, 2010) ("[R]ecords may be concealed from the public when disclosure would interfere with the administration of justice.") (citing *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983)).

WHEREFORE, Mr. Saab respectfully requests that the Court GRANT this motion to seal, and maintain this motion and the attached, redacted attorney engagement letter under seal for the Court's *in camera* review in considering the Motion to Vacate.

Dated: February 25, 2021

Respectfully submitted,

/s/ Lindy Keown

David B. Rivkin, Jr.*
Lee A. Casey*
Jonathan R. Barr*
Kendall E. Wangsgard*
Richard B. Raile*
Baker & Hostetler LLP
1050 Connecticut Ave, NW
Suite 1100
Washington, DC 20036
drivkin@bakerlaw.com
(T) (202) 861-1500
(F) (202) 861-1783

Lindy K. Keown
Baker & Hostetler LLP
200 South Orange Avenue
Suite 2300
Orlando, FL 32801
lkeown@bakerlaw.com
(T) (407) 649-4000
(F) (407) 841-0168

Jonathan B. New*
Baker & Hostetler LLP
45 Rockefeller Plaza
New York, NY 10111
jnew@bakerlaw.com
(T) (212) 589-4200
(F) (212) 589-4201

*Attorneys for Defendant Alex Nain Saab Moran*

*Admitted Pro hac vice