**SEALED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FILED BY _____NJC_____ D.C.

Mar 12, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX NAIN SAAB MORAN, and<br>ALVARO PULIDO VARGAS, a/k/a<br>"German Enrique Rubio Salas,"<br><br>Defendants. | Case No. 19-20450-CR-Scola<br><br>**FILED UNDER SEAL** |

**MOTION TO SEAL REPLY
TO GOVERNMENT'S SEALED NOTICE OF ADDITIONAL FACTS [ECF No. 26]**

Defendant Alex Nain Saab Moran ("Mr. Saab"), by and through his undersigned counsel, respectfully requests that this motion, the accompanying *Reply to Government's Sealed Notice of Additional Facts*, any sealing order, and any other order concerning these filings be SEALED until further order of this Court, accessible only to the Court, undersigned counsel, and counsel for the government.[1] This motion is made pursuant to Local Rule 5.4(c), and the Court's inherent authority. In support of this motion, counsel states as follows:

1. On January 21, 2021, Mr. Saab filed a *Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment*. ECF No. 10 (the "Motion to Vacate").

2. On February 22, 2021, the government publicly filed its opposition to the Motion to Vacate. ECF No. 24 (the "Opposition"). In addition to the public Opposition, the government filed *ex parte* and under seal its *Notice of Additional Facts* in support of the Opposition. ECF No. 26 (the "Notice").

---

[1] Counsel is serving this motion and the reply on counsel for the government.

3.      The government also requested that the Notice and the accompanying papers be kept under seal for the "reasons that the integrity of this case may be compromised, and the safety of the Defendant and his family may be put at risk, should these documents become public." ECF No. 25 at 1.

4.      The government further submitted that denial of public access is "necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest." *Id.* at 1-2 (quoting *Globe Newspaper Co. v. Sup. Ct. for the Cty. of Norfolk*, 457 U.S. 596, 606-07 (1982)).

5.      Pursuant to the protective order dated March 10, 2021, ECF No. 35, the government has shared the sealed *ex parte* filings, including the Notice, with undersigned counsel.

6.      Having reviewed the Notice and the government's submissions, counsel agrees that the Notice should be sealed and should remain under seal due to, among other reasons, the sensitivity of the information, as detailed by the government.

7.      Further, counsel submits that the accompanying *Reply to Government's Sealed Notice of Additional Facts*, this motion, any sealing order, and any other order concerning these submissions should be sealed and remain under seal until further order of the Court for the same reasons. In particular, the accompanying reply responds to and references some of the same material that the government filed under seal. Accordingly, the reply is of equal sensitivity.

8.      There is a presumption that court records are public. *See* L.R. 5.4(a); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). There is no absolute right to inspect and copy records, however, and the decision to seal records is entrusted to the Court's discretion. *Id. See also Day v. Barnett Outdoors, LLC*, No. 16-cv-2480, 2017 WL 10275970, at *1 (M.D. Fla. Aug. 8, 2017) ("Trial courts have the inherent authority and discretion to seal records.") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

9. The presumption of access "may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune Co.*, 263 F.3d at 1309).

10. The public's "qualified" right of access may be overcome in light of "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1030 (11th Cir. 2005).

11. For the reasons stated above and in the government's submission—namely safety and integrity of the case—good cause exists for departing from the presumption of public access.

WHEREFORE, Mr. Saab respectfully requests that the Court GRANT this motion to seal. In the event that the Court denies the request, Mr. Saab respectfully requests that the Court grant him leave to re-file the reply in a modified format appropriate for public consumption.

Dated: March 12, 2021

Respectfully submitted,

| | |
|---|---|
| Lindy K. Keown | /s/ David B. Rivkin, Jr. |
| Baker & Hostetler LLP | David B. Rivkin, Jr.* |
| 200 South Orange Avenue | Lee A. Casey* |
| Suite 2300 | Elizabeth Price Foley |
| Orlando, FL 32801 | Jonathan R. Barr* |
| lkeown@bakerlaw.com | Kendall E. Wangsgard* |
| (T) (407) 649-4000 | Richard B. Raile* |
| (F) (407) 841-0168 | Baker & Hostetler LLP |
| | 1050 Connecticut Ave, NW |
| Jonathan B. New* | Suite 1100 |
| Baker & Hostetler LLP | Washington, DC 20036 |
| 45 Rockefeller Plaza | drivkin@bakerlaw.com |
| New York, NY 10111 | (T) (202) 861-1500 |
| jnew@bakerlaw.com | (F) (202) 861-1783 |
| (T) (212) 589-4200 | |
| (F) (212) 589-4201 | |

*Attorneys for Defendant Alex Nain Saab Moran*

*Admitted pro hac vice