IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　v.<br><br>ALEX NAIN SAAB MORAN, and<br>ALVARO PULIDO VARGAS, a/k/a<br>"German Enrique Rubio Salas,"<br><br>　　Defendants. | Case No. 19-20450-CR-Scola |

## **RESPONSE OBJECTING TO REQUEST FOR STATUS CONFERENCE**

At approximately 2:50 p.m. on the Friday prior to a scheduled motion hearing, the government filed a request for a Status Conference, ostensibly to seek clarity regarding whether the Court will require additional evidence to be presented at the hearing set for March 15, 2021 at 9:00 a.m. This request follows the conference on Monday, March 8, 2021, wherein the Court discussed with the parties all necessary logistics for the next hearing, including whether the parties would present evidence, and thereafter scheduled the upcoming hearing to hear arguments on Defendant's Motion to Vacate Order Conferring Fugitive Status and for Leave for Special Appearance to Challenge Indictment. ECF No. 10 (the "Motion to Vacate").

Defendant strongly objects to the government's unnecessary request for a Status Conference to address matters the Court has already settled and respectfully submits that it is designed solely for delay. Defendant believes that it was clear that the upcoming hearing will be in open court, addressing solely the Motion to Vacate without evidence presented by either side. If the government felt that the legal argument on the Motion to Vacate implicated its sealed notice [ECF No. 26] in any way, it had this entire week to raise that issue. It has not. The sealed motion and reply that Defendant filed earlier today does not change the situation in any way.

That filing merely discussed the legal irrelevance of the facts contained in the government's sealed notice [ECF No. 26] and other problems with the notice.

The parties need not reference the content of the government's sealed notice [ECF No. 26] at Monday's hearing, as those facts are wholly irrelevant to the Motion to Vacate. If something under seal needs to be discussed, the Court can close the hearing for that portion of the argument. A Status Conference at this late hour adds nothing except unnecessary delay.

| | |
|---|---|
| Dated: March 12, 2021 | Respectfully submitted, |
| David B. Rivkin, Jr.* | /s/ Lindy K. Keown |
| Lee A. Casey* | Lindy K. Keown |
| Elizabeth Price Foley | Baker & Hostetler LLP |
| Jonathan R. Barr* | 200 South Orange Avenue |
| Kendall E. Wangsgard* | Suite 2300 |
| Richard B. Raile* | Orlando, FL 32801 |
| Baker & Hostetler LLP | lkeown@bakerlaw.com |
| 1050 Connecticut Ave, NW | (T) (407) 649-4000 |
| Suite 1100 | (F) (407) 841-0168 |
| Washington, DC 20036 | |
| drivkin@bakerlaw.com | Jonathan B. New* |
| (T) (202) 861-1500 | Baker & Hostetler LLP |
| (F) (202) 861-1783 | 45 Rockefeller Plaza |
| | New York, NY 10111 |
| | jnew@bakerlaw.com |
| | (T) (212) 589-4200 |
| | (F) (212) 589-4201 |

*Attorneys for Defendant Alex Nain Saab Moran*

*Admitted pro hac vice