# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-20663-CR-ZLOCH

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                **O R D E R**

JORGE DE MORALES SANTE,

      Defendant.
_____/

      THIS MATTER is before the Court upon the Supplemental Report And Recommendation (DE 241) filed herein by United States Magistrate Judge Patrick M. Hunt. The Court has conducted a <u>de novo</u> review of the entire record herein and is otherwise fully advised in the premises.

      By the instant Motion To Dismiss Indictment Based On Deficient Subject Matter Jurisdiction Of The United States (DE 217), Defendant Jorge de Morales Sante (hereinafter "Defendant") moves the Court to dismiss the indictment based on lack of subject matter jurisdiction, without first submitting himself to the Court's jurisdiction. Defendant is in extradition proceedings in Spain. Thus, Magistrate Judge Hunt recommends in his Supplemental Report And Recommendation (DE 241) that the Court apply the fugitive disentitlement doctrine to deny the instant Motion (DE 217) without prejudice and with leave to refile once Defendant is properly within the jurisdiction of this Court. In <u>United States v. Shalhoub</u>, the Eleventh Circuit held that it had no interlocutory jurisdiction to consider a defendant's appeal of the district court's denial of a motion for special appearance to seek dismissal of an indictment when a defendant was a fugitive. 855 F.3d 1255, 1262 (11th Cir. 2017). In that case, the court also concluded that defendant was not entitled to a writ of mandamus because even though he was residing outside of the United States and argued that

he was not obligated to return, "That he does not want to submit himself to the jurisdiction of the federal courts does not make the legal remedies available to challenge his indictment inadequate." Id. at 1263. Here, Defendant will have an adequate remedy to request dismissal of the indictment if he is extradited from Spain and appears before the Court. If Defendant is not extradited from Spain, the Court can consider that issue in the event that it actually occurs. The Court adopts Magistrate Judge Hunt's reasoning and conclusions.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Objections To The United States Magistrate Judge's Supplemental Report And Recommendations (DE 242) be and the same are hereby **OVERRULED**;

2. The Supplemental Report And Recommendation (DE 241) filed herein by United States Magistrate Judge Patrick M. Hunt be and the same is hereby approved, adopted, and ratified by the Court; and

3. Defendant Motion To Dismiss Indictment Based On Deficient Subject Matter Jurisdiction Of The United States (DE 217) be and the same is hereby **DENIED** without prejudice and with leave to refile once Defendant is properly within the jurisdiction of the Court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of October, 2018.

WILLIAM J. ZLOCH
Sr. United States District Judge

Copies furnished:

The Honorable Patrick M. Hunt
United States Magistrate Judge

All Counsel of Record

2