

**ASSOCIATED PRESS**

9100 NW 36th Street.
Suite 111
Miami, FL  33178

ap.org

Nov. 8, 2021

Hon. Robert N. Scola, Jr.
United States District Judge
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue
Room 12-3
Miami, Florida 33128

Re:   <u>United States v. Alex Nain Saab Moran, No. 19-cr-20450</u>

Dear Judge Scola,

I am a reporter for The Associated Press (the "AP") assigned to cover the criminal trial of Defendant Alex Nain Saab Moran, pending before this Court.  I have been reporting on the activities of Mr. Saab for the AP for several years.

I write here to address the Defendant's motion "to enforce Rule 53 and limit Zoom access." (Dkt. No. 59).  Mainly, I write to urge the Court not to adopt the most restrictive access measures proposed by the Defendant, particularly to the extent such restrictions would involve ending the use of Zoom video access to court hearings and instead providing an audio-only format accessible via a telephone line.

As the Court knows, the case involving Mr. Saab is of tremendous public interest. He is alleged by the U.S. government to be the mastermind of a vast corruption network that has allowed Venezuelan President Nicolás Maduro's inner circle, even members of his own family, to profit significantly from overvalued state contracts and circumvent U.S. economic sanctions. In turn, the Venezuelan government considers him a diplomat who has been illegally detained while on an official humanitarian mission.

Further, the press and public enjoy presumptive First Amendment and common law rights of access to criminal trial proceedings.  *See, e.g., Richmond Newspapers* v. *Virginia*, 448 U.S. 555, 571, 65 L. Ed. 2d 973, 100 S. Ct. 2814 (1980) (public right of access applies to criminal trials); *see also U.S.* v. *Ochoa-Vasquez*, 428 F.3d 1015, 1028-29 (11th Cir. 2005).  This applies "not only to the criminal trial itself, but also to other integral parts of the trial process such as voir dire proceedings and preliminary hearings."  *Ochoa-Vasquez*, 428 F.3d at 1028, n.14.

A vital component of the public's right of access to criminal trials is the ability "to see and to hear a proceeding as [it] unfolds."  *See United States* v. *Alcantara*, 396 F.3d 189, 201–02 (2d Cir. 2005).  It is critical that the public be able to experience firsthand the reactions and demeanor of the parties, attorneys, judge and jury.  Under Supreme Court precedent, this presumptive access right, including the concomitant right to see and to hear a proceeding, "may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."  *Press-Enterprise Co.* v. *Sup. Court of California, Riverside Cty.*, 464 U.S. 501, 510 (1984). That interest must "be

articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id*.

We understand the need for court attendees to comply with Rule 53. Respectfully, however, the First Amendment requires that the Court find alternatives to that portion of the Defendant's request that would see the Court go to an audio-only format.

Thank you for your consideration of this matter.

Sincerely,

Joshua Goodman
Tel: 786-643-1883
jgoodman@ap.org

CC: Henry Philip Bell
David B. Rivkin Jr.
Jonathan R. Barr
Jonathan B. New
Kendall Wangsgard
Lee Casey
Lindy Kathryn Keown
Richard Raile
John A. Romano
Kurt K. Lunkenheimer
Michael Brian Nadler
Robert Zink
Alexander J. Kramer
Annika Marie Miranda
Nalina Sombuntham