UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20450-CR-SCOLA

UNITED STATES OF AMERICA

    v.

ALEX NAIN SAAB MORAN,

    **Defendant.**

_____/

**UNOPPOSED MOTION FOR A PROTECTIVE
ORDER REGULATING DISCLOSURE OF DISCOVERY
AND SENSITIVE INFORMATION CONTAINED THEREIN**

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America files this motion for a protective order regulating disclosure of the discovery materials in this case and certain sensitive information contained therein (the "Discovery"). The United States has conferred with counsel for the defendant, who has confirmed that he has no objection to the relief sought herein.

On July 25, 2019, a federal grand jury returned an indictment charging the Defendant, Alex Nain Saab Moran with one count of conspiracy to commit money laundering and seven substantive counts of money laundering (DE 1). Defendant, Alex Nain Saab Moran was detained in the Republic of Cabo Verde in June 2020 and was extradited to the United States on October 16, 2021. The seven substantive counts of money laundering were dismissed pursuant to assurances made to the Republic of Cabo Verde as part of the extradition process. (DE 63 & 64). On November 15, 2021, the Standing Discovery Order was entered for the Defendant (DE 71). The Discovery includes documents and reports related to additional targets of ongoing law enforcement investigations, a co-defendant, other indicted individuals, cooperating witnesses, and personal

identifiable information ("PII"), such as names, addresses, social security numbers, bank account and routing numbers, dates of birth, email addresses (the "Sensitive Information").

The Government seeks protections that will not impede the Defendant's ability to prepare for his defense, but merely will protect against the improper dissemination or use of the Sensitive Information. The United States respectfully submits that the equities favor this Court placing reasonable limitations on the way the defense may use the Sensitive Information in the discovery materials. Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that the Court "may, for good cause, deny, restrict, or defer discovery or inspection" of discovery materials.

The Court has broad discretion to regulate and restrict discovery and the disclosure of discovery materials. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) (recognizing the "broad authority of the district court to regulate discovery"); *see also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("[T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.").

In light of the foregoing, the United States respectfully requests that the Court enter an order placing the following restrictions on the discovery materials to be made available to the Defendant in this case:

1. Counsel for the government and for the Defendant shall not provide the material responsive to the Standing Discovery Order to any person except as specified in the Court's order or by prior approval of the Court.

2. The Defendant shall possess the material responsive to the Standing Discovery Order only as necessary for counsel to prepare the case.

3. Employees of the government or defense counsel may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case.

4. The defense shall not show or disseminate any of the Sensitive Information to anyone other than the named defendant, attorneys of record for the named defendant, U.S. attorneys working with the attorneys of record, and staff from that defense counsel's law office, and U.S.-based paralegals, investigators, expert witnesses and interpreters working for that law office;

5. The defense and the defendant shall not disclose, whether orally or in writing, to anyone not covered by the Court's order any information relating to a cooperating witness, confidential informant or on-going investigation;

6. The defense shall not show or disseminate any of the Sensitive Information to any foreign (non-U.S.) attorneys or other foreign individuals, other than the foreign attorney know to the parties as PD;

7. The defense shall not transmit any of the Sensitive Information outside of the United States;

8. To the extent it is necessary for a defendant to possess any of the Sensitive Information to assist in his defense, the defendant agrees not to show or disseminate any of the Sensitive Information to anyone else;

9. An individual who is not a defendant nor part of the defense team may be shown Sensitive Information if that individual created the Sensitive Information or had otherwise previously seen the Sensitive Information (including if the defense team has a good faith basis to believe that individual had previously seen the Sensitive Information), as in the case for example of an individual copied on an email message;

10. Third parties contracted by the government or the defense to provide expert analysis or testimony may possess the material responsive to the Standing Discovery Order, but only as necessary to prepare the case;

11. Counsel for the Defendant shall ensure that the Defendant and any third party that obtains access to the material responsive to the Standing Discovery Order are provided a copy of the Court's order.  No third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall retain such access or possession unless authorized by the Court's order.  Any third party that obtains access to or possession of the material responsive to the Standing Discovery Order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the Standing Discovery Order to assist in the preparation of the case;

12. Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the government and the Defendant shall destroy or cause to be destroyed all copies of the material responsive to the Standing Discovery Order, except that they may maintain copies in their closed case files following their ordinary procedures; and

13. Counsel for the government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

       The undersigned has conferred with counsel for the Defendant and counsel for the Defendant has no objection to entry of the protective order sought.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

| | |
|---|---|
| JOSEPH S. BEEMSTERBOER<br>ACTING CHIEF, FRAUD SECTION | JUAN ANTONIO GONZLEZ<br>UNITED STATES ATTORNEY |
| By: */s/ Alexander J. Kramer*<br>Alexander Kramer<br>Trial Attorney<br>Criminal Division, Fraud Section<br>U.S. Department of Justice<br>Court ID No. A5502240<br>1400 New York Ave. NW<br>Washington, DC 20005<br>TEL (202) 768-1919 alexander.kramer@usdoj.gov | By: */s/ Kurt K. Lunkenheimer*<br>Kurt K. Lunkenheimer<br>Assistant U.S. Attorney<br>Court ID No. A5501535<br>99 N.E. 4th Street<br>Miami, Florida 33132-2111<br>TEL (305) 961-9008<br>Kurt.Lunkenheimer@usdoj.gov |