United States District Court
Southern District of Florida

United States of America,        )
Plaintiff                        )
                                 )
v.                               )        Criminal Case No. 19-20450-CR-Scola
                                 )
Alex Nain Saab Moran,            )
Defendant.                       )

## Order Unsealing Docket Entries 25 and 26

On February 16, 2022 this matter came before the Court for status conference to set a trial date. During the hearing, the parties requested a sealed hearing to discuss certain sensitive matters. The Court conducted a sealed hearing and heard from the Defendant and Government. After considering the parties' arguments and the appropriate legal authorities, the Court finds that the transcript of the hearing held on this date as well as docket entries 25 and 26 should be unsealed.

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings. *Globe Newspaper Co. v. Superior Court for the County of Norfolk*, 457 U.S. 596, 603, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1310 (11th Cir.2001). Open criminal proceedings have been an 'indispensable attribute of an Anglo–American trial' for centuries. *Richmond Newspapers v. Virginia*, 448 U.S. 555, 569, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980) (plurality opinion); see also *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–98, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) (holding that the press and public also enjoy a common-law right of access to judicial records). Public trials and judicial proceedings are 'rooted in the 'principle that justice cannot survive behind walls of silence,' and in the 'traditional Anglo–American distrust for secret trials.' *Gannett Co. v. DePasquale*, 443 U.S. 368, 412, 99 S.Ct. 2898, 61 L.Ed.2d 608 (1979) (quoting *Sheppard v. Maxwell*, 384 U.S. 333, 349, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and In re Oliver, 333 U.S. 257, 268, 68 S.Ct.

499, 92 L.Ed. 682 (1948)) (Blackmun, J. concurring in part); *Richmond Newspapers*, 448 U.S. at 591, 100 S.Ct. 2814 (Brennan, J., concurring) (recognizing "this nation's historic distrust of secret proceedings, their inherent dangers to freedom, and the universal requirement of our federal and state governments that criminal trials be public") (quoting *In re Oliver*, 333 U.S. at 273, 68 S.Ct. 499)." *United States v. Ochoa-Vasquez,* 428 F.3d 1015, 1028-29 (11th Circ. 2005).

The parties have failed to establish compelling reasons to continue to seal D.E. 25 and D.E. 26. Although the Defendant argued this his family may be in danger in Venezuela, these matters have been sealed for almost one year and the Defendant could not proffer any efforts the family has made to leave Venezuela and have even failed to accept an offer from the Government to assist them in leaving Venezuela. The Defendant could not proffer any particularized threats against the Defendant's family which may outweigh the public's right to access these records.

Based on the foregoing, it is hereby

**Ordered and Adjudged** that **D.E. 25 and D.E. 26** be unsealed and placed on the public docket by the Clerk immediately.

**Done and Ordered** at Miami, Florida, on February 16, 2022.

Robert N. Scola, Jr.
United States District Judge


Copies furnished to:
Counsel of record