UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20450-CR-SCOLA

UNITED STATES OF AMERICA

v.

ALEX NAIN SAAB MORAN,

      Defendant.
_____/

**UNOPPOSED MOTION FOR A PROTECTIVE
ORDER TO ENSURE COMPLIANCE WITH LOCAL RULE 77.2**

      Pursuant to the Local Rules of the United States District Court for the Southern District of Florida, the United States of America files this motion for a protective order to ensure compliance with Local Rule 77.2. The United States has conferred with counsel for the defendant, who has confirmed that he has no objection to the relief sought herein.

      On July 25, 2019, a federal grand jury returned an indictment charging the Defendant, ALEX NAIN SAAB MORAN, with one count of conspiracy to commit money laundering and seven substantive counts of money laundering (DE 1). On June 12, 2020, SAAB MORAN was detained in the Republic of Cabo Verde at the request of the United States. SAAB MORAN was extradited to the United States on October 16, 2021. On October 18, 2021, SAAB MORAN made his initial appearance via Zoom. He was arraigned on November 15, 2021. He has since also appeared before this Court for two subsequent status conferences on December 6, 2021, and February 16, 2022.

      Throughout this case, there has been significant media interest in the matter, both here in the Southern District of Florida and abroad. Since his arrest, SAAB MORAN's extradition and prosecution has been covered with articles and/or commentary by numerous media outlets,

including the New York Times, the Washington Post, the Miami Herald, the Wall Street Journal, CNN, Reuters, the Associated Press, Al Jazeera, Bloomberg, Barron's, NBC News, the Guardian, the BBC, and U.S. News & World Report, along with multiple outlets in Latin America. *See e.g.*, Ultima Noticias, *Alex Saab's Defense: Case Against his Diplomatic Immunity is Weak*, ULTIMA NOTICIAS (January 13, 2022), https://en.ultimasnoticias.com.ve/noticias/politica/defensa-de-alex-saab-caso-contra-su-inmunidad-diplomatica-es-debil/; Brian Ellsworth, *Venezuela's Maduro Ally Saab Pleads Not Guilty to U.S. Money Laundering Charge*, REUTERS (Nov. 15, 2021), https://www.reuters.com/world/americas/venezuelas-maduro-ally-saab-pleads-not-guilty-us-money-laundering-charge-2021-11-15/; teleSUR, *Special Interview with Alex Saab's Attorney*, YOUTUBE (November 5, 2021), https://www.youtube.com/watch?v=qKF7Ewu5YMw&t=383s; Agence France Presse, *U.S. Judge Dismisses Most Money-laundering Charges Against Maduro Ally Saab,* BARRON'S (Nov. 1, 2021), https://www.barrons.com/news/us-judge-dismisses-most-money-laundering-charges-against-maduro-ally-saab-01635798907; Julie Turkewitz, *U.S. Extradictes Key Financial Ally of Venezuela's President, Inciting Retaliation*, N.Y. TIMES (Oct. 16, 2021), https://www.nytimes.com/2021/10/16/world/americas/alex-saab-arrest-venezuela-maduro.html. Indeed, counsel for SAAB MORAN noted this significant interest in its Motion to Enforce Rule 53 and to Limit Zoom Access. DE 59. SAAB MORAN noted that "over three hundred persons signed into the Court's Zoom link to observe" his initial appearance and that "[m]any or perhaps most of them were members of the press covering Mr. Saab's case." *Id*. at 1. In his motion, counsel for SAAB MORAN requested that the Court refer the violators to the United States Attorney for investigation and enforcement  *Id.* at 9. As a result of the motion and the United States' response, the Court referred to the United States Attorney's Office for the Southern District of Florida those individuals identified in the motion for an investigation into their alleged

2

willful violations of the Court's Order. Members of the press have also been present at both status conferences held by this Court.

More than fifty years ago, warning of the danger of pretrial publicity to fair trials, the Supreme Court directed trial judges to take "such steps by rule and regulation that will protect their processes from prejudicial outside interferences. *Neither prosecutors, counsel for defense, the accused, witnesses,* court staff nor enforcement officers coming under the jurisdiction of the court *should be permitted to frustrate its function.*" *Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) (emphasis added).

Local Rule 77.2 addresses the obligations of lawyers associated with the prosecution or defense regarding the release of information in criminal proceedings. Local Rule 77.2(a) requires lawyers "not to release or authorize the release of information or opinion which a reasonable person would expect to be disseminated by means of public communication, in connection with pending or imminent criminal litigation with which the lawyer or the firm is associated, if there is a reasonable likelihood that such dissemination will interfere with a fair trial or otherwise prejudice the due administration of justice." Additionally, Local Rule 77.2(c) identifies specific subject matters that are prohibited:

> From the time of arrest, issuance of an arrest warrant, or the filing of a complaint, information, or indictment in any criminal matter until the commencement of trial or disposition without trial, a lawyer or law firm associated with the prosecution or defense shall not release or authorize the release of any extrajudicial statement which a reasonable person would expect to be disseminated by means of public communication, relating to that matter and concerning: (1) The prior criminal record (including arrests, indictments, or other charges of crime), or the character or reputation of the accused, except that the lawyer or law firm may make a factual statement of the accused's name, age, residence, occupation, and family status, and if the accused has not been apprehended, a lawyer associated with the prosecution may release any information necessary to aid apprehension or to warn the public of any dangers the accused may present. (2) The existence or contents of any confession, admission, or statement given by the accused, or the refusal or failure of the accused to make any statement. (3) The performance of any examinations or tests or the accused's refusal or failure to submit to an

examination or test. (4) The identity, testimony, or credibility of prospective witnesses, except that the lawyer or law firm may announce the identity of the victim if the announcement is not otherwise prohibited by law. (5) The possibility of a plea of guilty to the offense charged or a lesser offense. (6) Any opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case.

Local Rule 77.2(c).

In light of the significant media interest in this case, the Government requests the Court issue an order reminding the parties of their obligations under Local Rule 77.2 and ensuring compliance with the Rule.

SAAB MORAN has various counsel related to this matter. His current U.S. based counsel include, at least, Neil M. Schuster, Joseph Schuster, and the law firm of Baker & Hostetler LLP. The undersigned has conferred with these counsel for the SAAB MORAN and there is no objection to entry of the protective order sought.

WHEREFORE the United States of America respectfully moves this Court to issue the proposed Protective Order.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION

By: /s/ Alexander Kramer
Alexander Kramer
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Court ID No. A5502240
1400 New York Ave. NW
Washington, DC 20005
TEL (202) 768-1919
alexander.kramer@usdoj.gov

JUAN ANTONIO GONZLEZ
UNITED STATES ATTORNEY

By: /s/ Kurt L. Lunkenheimer
Kurt K. Lunkenheimer
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9008
Kurt.Lunkenheimer@usdoj.gov