IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,

   Plaintiff

   v.

ALEX NAIN SAAB MORAN,

   Defendant.

Case No. 19-20450-CR-Scola

### JOINT MOTION TO VACATE AND CONTINUE BRIEFING DATES

Defendant Alex Nain Saab Moran and the United States of America respectfully move for an order continuing the dates of the current briefing schedule for Mr. Saab's motion relating to diplomatic immunity. Specifically, the Parties request that the current motion briefing schedule be vacated and continued, with a revised schedule to be set following a status conference with the Court (currently scheduled for July 15).

By way of background, on June 10, 2022, following a status conference with the Parties, the Court set the following schedule:

| | |
|---|---|
| 7/6/2022: | Defendant's motion relating to diplomatic immunity due |
| 7/15/2022 (9:15 a.m.): | Status conference for house keeping issues |
| 8/8/2022: | Government's response due |
| 8/22/2022: | Defendant's reply in further support due |
| 8/29/2022 (9:00 a.m.): | Evidentiary Hearing set to begin |

Since that time, the Parties have met-and-conferred regarding pre-hearing issues including scheduling, witness travel, and, most salient for purposes of this motion, pre-hearing disclosure of documents by the United States to satisfy Defendant's Rule 16 and *Brady* requests related to Mr. Saab's diplomatic immunity motion.

Following the hearing, defense counsel and the government met-and-conferred about the status of the government's efforts to provide documents in response to Mr. Schuster's prior discovery and *Brady* requests on November 18, 2021, May 23, 2022, and May 25, 2022.[1] Pursuant to the government's suggestion, defense counsel provided the government a supplemental letter requesting disclosure and production of items it considers material to preparation of Mr. Saab's diplomatic immunity defense under Fed. R. Crim. P. 16(a)(1)(E) and which Mr. Saab contends the government are required to disclose under *Brady v. Maryland*, 373 U.S. 83 (1953) and its progeny, including *United States v. Augurs*, 427 U.S. 97 (1976) and *Giglio v. United States*, 405 U.S. 150 (1972).

Although the Parties do not necessarily agree on the scope of the government's *Brady* and Rule 16 obligations, the government has agreed to search its own records and to request the Department of State, Department of Defense and the Central Intelligence Agency to search their records for documents responsive to many of the Defendant's requests.

In addition, the government is seeking an MLAT from Cabo Verde regarding various requests made by defense counsel, including requests related to allegations made by Mr. Saab of torture, theft, and abuse by Cabo Verdean officials, with some of the accused potentially testifying at the evidentiary hearing.

At this time, the government cannot provide an estimate as to the time it will need to complete its document review and production, but it has represented to defense counsel that it will not be completed before July 6, 2022, when Defendant's motion is currently scheduled to be filed,

---

[1] It should be noted that discussions related to Mr. Saab's discovery and *Brady* requests began between the government and counsel for Mr. Saab prior to the above referenced meet and confer.

2

and may not be completed by the currently scheduled evidentiary hearing on August 29, 2022 if a need to deal with issues related to classified materials arises.

      WHEREFORE, in light of the above, the Parties respectfully request that the Court issue an order vacating and continuing the current briefing schedule.[2] At the status conference scheduled for July 15, the Parties will be prepared to discuss with the Court: (a) the status of document search, review and production along with any updates on the issues raised herein; (b) the potential timing and procedures for production, including rolling productions and the handling of potentially classified material; and (c) a revised motion schedule including with respect to both the written submissions and, if necessary, the evidentiary hearing.

Date: June 30, 2022

Respectfully submitted,

BAKER & HOSTETLER LLP

By: *Lindy K. Keown*
Lindy K. Keown (FL: 117888)
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
Tel: (407) 649-4000
lkeown@bakerlaw.com

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *Kurt K. Lunkenheimer*
Kurt K. Lunkenheimer
Assistant U.S. Attorney
Court ID No. A5501535
99 N.E. 4th Street
Miami, Florida 33123-2111
Tel: (305) 961-9008

---

[2] It may be premature to address the August 29 hearing date at this time, and thus the Parties are not yet seeking adjournment.

Kurt.Lunkeneimer@usdoj.gov

LORINDA LARYEA
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: *Alexander Kramer*
Alexander Kramer
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
Court ID No. A5502240
1400 New York Ave. NW
Washington, DC 20005
Tel: (202) 768-1919
Alexander.Kramer@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 30, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Lindy K. Keown*
Lindy K. Keown