UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

   v.

**ALEX NAIN SAAB MORAN,**

                **Defendant.**

_____/

**GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE
PURSUANT TO 18 U.S.C. APP. III SECTION 2 & MEMORANDUM OF LAW
<u>REGARDING THE CLASSIFIED INFORMATION PROCEDURES ACT</u>**

      The United States, by and through its undersigned attorneys, hereby moves the Court to hold a pretrial conference, pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III Section 2. Because the United States anticipates that issues of discovery, disclosure or use of classified information may arise during this case, the United States respectfully requests that the Court convene, at a later date, a pretrial conference to consider matters relating to such classified information as required by Section 2 of CIPA.

      As discussed below (p. 12-13), the United States does not ask the Court to set a hearing date at this time, as any meaningful discussion of classified issues may still be premature. Nonetheless, the United States is filing this motion now so that its formal request is in place, and also to provide the Court and the defendant with initial guidance on CIPA procedures.

      In support of this Motion, the United States relies on the following points and authorities:

## OVERVIEW OF CIPA

CIPA contains a set of procedures by which federal district courts and magistrate courts rule on pretrial matters concerning the discovery, admissibility and use of classified information in criminal cases. See United States v. Baptista-Rodriguez, 17 F.3d 1354, 1363 (11th Cir. 1994). CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." United States v. Pappas, 94 F.3d 795, 799 (2d Cir. 1996). It "evidence[s] Congress's intent to protect classified information from unnecessary disclosure at any stage of a criminal trial." United States v. Apperson, 441 F.3d 1162, 1193 n.8 (10th Cir. 2006), cert. denied, 549 U.S. 1117 (2007).

The Supreme Court has acknowledged the importance of protecting the nation's secrets from disclosure: "The Government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." CIA v. Sims, 471 U.S. 159, 175 (1985) (quoting Snepp v. United States, 444 U.S. 507, 509 n.3 (1980) (per curiam)); accord Chicago & Southern Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 111 (1948) ("The [executive branch] has available intelligence services whose reports are not and ought not to be published to the world."). Accordingly, federal courts have long recognized that "[i]t is not in the national interest for revelation of either the existence or the product of [foreign intelligence operations and information] to extend beyond the narrowest limits compatible with the assurance that no injustice is done to the criminal defendant." United States v. Lemonakis, 485 F.2d 941, 963 (D.C. Cir. 1973), cert. denied, 415 U.S. 989 (1974).

CIPA neither creates any new right of discovery nor expands the rules governing the admissibility of evidence. See United States v. Johnson, 139 F.3d 1359, 1365 (11th Cir. 1998) ("CIPA has no substantive impact on the admissibility or relevance of probative evidence."), rehearing and suggestion for rehearing en banc denied, 149 F.3d 1197 (11th Cir. 1998), cert. denied, 527 U.S. 1021 (1999); accord see United States v. Dumeisi, 424 F.3d 566, 578 (7th Cir. 2005) ("CIPA does not create any discovery rights for the defendant."); United States v. Smith, 780 F.2d 1102, 1106 (4th Cir. 1985) (en banc). Rather, CIPA applies preexisting general discovery law in criminal cases to classified information and restricts discovery of classified information to protect the government's national security interests. See Baptista-Rodriguez, 17 F.3d at 1363-64; United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261 (9th Cir. 1998); United States v. Yunis, 867 F.2d 617, 621 (D.C. Cir. 1989). Accordingly, CIPA does not "expand the traditional rules of discovery under which the government is not required to provide criminal defendants with information that is neither exculpatory nor, in some way, helpful to the defense." United States v. Varca, 896 F.2d 900, 905 (5th Cir.), rehearing denied, 901 F.2d 1110 (5th Cir.), cert. denied, 498 U.S. 878 (1990); accord United States v. McVeigh, 923 F. Supp. 1310, 1314 (D. Colo. 1996) ("CIPA does not enlarge the scope of discovery or of Brady."). Nor does it provide that the admissibility of classified information be governed by anything other than the well-established standards set forth in the Federal Rules of Evidence. See Baptista-Rodriguez, 17 F.3d at 1364.

    A.    Section 1 - Definitions

For the purposes of CIPA, "classified information" includes any information or material that has been determined by the United States Government pursuant to law or regulation to require protection against unauthorized disclosure for reasons of national security. 18 U.S.C. App. III

Section 1(a). "National security" means the national defense and foreign relations of the United States. Id. Section 1(b).

CIPA applies equally to classified testimony and classified documents. See United States v. Lee, 90 F. Supp. 2d 1324, 1326 n.1 (D.N.M. 2000) (citing United States v. North, 708 F. Supp. 399, 399-400 (D.D.C. 1988)); Kasi v. Angelone, 200 F. Supp. 2d 585, 596-97 (E.D. Va. 2002) (applying CIPA to classified testimony).

### B.  Section 2 - Pretrial Conference

Section 2 of CIPA authorizes the district court, upon motion by any party or at its own discretion, to hold a pretrial conference "to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III Section 2. Following such motion, the court shall promptly hold the pretrial conference to establish: (1) the timing of requests for discovery by the defense; (2) the provision of the requisite written pretrial notice to the United States of the defendant's intent to disclose classified information, pursuant to Section 5 of CIPA; and (3) the initiation of hearings concerning the use, relevance and admissibility of classified information pursuant to Section 6 of CIPA. Id. In addition, the court may consider any matters that relate to classified information or that may promote a fair and expeditious trial. Id. No substantive issues concerning the use of classified information are to be decided in a Section 2 pretrial conference. See S. Rep. No. 96-823, at 5-6, reprinted in 1980 U.S.C.C.A.N. 4294, 4298-99 (96th Cong. 2d Sess.).

To foster open discussions at the pretrial conference, Section 2 provides that no admission made by the defendant or his attorney at the pretrial conference may be used against the defendant unless the admission is in writing and signed by both the defendant and his attorney. 18 U.S.C.

App. III Section 2.

    C.    <u>Section 3 - Protective Order</u>

Section 3 of CIPA mandates that the district court issue a protective order upon motion by the United States to protect against the disclosure of any classified information that is disclosed by the government to a defendant. <u>Id.</u> Section 3. Section 3 was intended "to codify the well-established practice, based on the inherent authority of federal courts, to issue protective orders," <u>Pappas</u>, 94 F.3d at 801, as well as to supplement the district court's authority under Rule 16(d)(1) to issue protective orders in connection with the discovery process.[1] In contrast to Rule 16(d)(1)'s discretionary authority, however, Section 3 "makes it clear that protective orders are to be issued, if requested, whenever the government discloses classified information to a defendant in connection with a prosecution, <u>e.g.</u> Brady and Jencks material." <u>Id.</u>

    D.    <u>Section 4 - Protection of Classified Information During Discovery</u>

Section 4 of CIPA authorizes the district court "upon a sufficient showing" to deny or otherwise restrict discovery by the defendant of classified documents and information belonging to the United States. 18 U.S.C. App. III Section 4; <u>see</u> <u>e.g.</u> <u>United States</u> v. <u>Rezaq</u>, 134 F.3d 1121, 1142 (D.C. Cir.), <u>cert. denied</u>, 525 U.S. 834 (1998); <u>Yunis</u>, 867 F. 2d at 619-625. Similarly, the Federal Rules of Criminal Procedure provide, in pertinent part, that "[u]pon a sufficient showing," a district court: "may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The legislative history of CIPA makes it clear that Section 4 was intended to clarify the district court's power under Rule 16(d)(1) to deny or restrict

---

[1] Rule 16(d)(1) provides in relevant part that "at any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief."

discovery in order to protect national security. See S. Rep. No. 96-823 at 6, 1980 U.S.C.C.A.N. at 4299-4300; see also United States v. Pringle, 751 F. 2d 419, 427 (1st Cir. 1985).

Section 4 provides, in pertinent part, that a district court:

> upon a sufficient showing may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove. The Court may permit the United States to make a request for such authorization in the form of a written statement to be inspected by the court alone.

18 U.S.C. App. III Section 4. In essence, Section 4 allows the United States to request that the court review, ex parte and in camera, classified information to determine whether it is discoverable under Rule 16, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or the Jencks Act, and to protect such classified information from disclosure through various means if it is discoverable. See United States v. Libby, 429 F. Supp. 2d 18, 22 (D.D.C. Apr. 5, 2006) (amended by United States v. Libby, 429 F. Supp. 2d 46, 47 (D.D.C. May 3, 2006)); also United States v. Klimavicius-Viloria, 144 F.3d 1249, 1261-62 (9th Cir. 1998), cert. denied sub nom. Payan-Solis v. United States, 528 U.S. 842 (1999); Rezaq, 134 F.3d at 1142; Yunis, 867 F.2d at 619-25; Pringle, 751 F.2d at 427-28; Kasi, 200 F. Supp. 2d at 596 n.6.

For example, the government may request the Court deny discovery of a classified document in its entirety pursuant to Section 4 because it is not discoverable under the relevant legal standard. Libby, 429 F. Supp. at 48. Alternatively, the government may file a motion under Section 4 to delete specific classified information from a document that either the government or the Court has deemed discoverable, or to substitute an unclassified summary or admission in the

place of the document. Id. at 47. If the court determines that the disputed document is not subject to discovery or, if it is, permits deletion or substitution of the classified information, then the entire text of any ex parte in camera pleadings shall be sealed and preserved in the court's record to be made available to the appellate court in the event of an appeal. 18 U.S.C. App. III Section 4; see also United States v. Aref, No. 04-CR-402, 2006 WL 1877142, at *2 (S.D.N.Y. Jul. 6, 2006).

      E.      Sections 5 and 6 - Procedure for Cases Involving Classified Information Possessed by the Defendant

Sections 5 and 6 of CIPA apply when a criminal defendant who already possesses classified information seeks to disclose such information during the course of a trial or proceeding. See, e.g., Baptista-Rodriguez, 17 F.3d at 1363; Sarkissian, 841 F.2d at 965-66; Collins, 720 F.2d at 1199-1200. Section 5 requires the defendant to provide timely written notice to the court and the government describing any classified information that he reasonably expects to disclose. See 18 U.S.C. App. III Section 5(a). Notification must take place "within the time specified by the court, or where no time is specified, within thirty days prior to trial." Id. Although the description of the classified information may be brief, it must be particularized and set forth the specific classified information that the defendant reasonably believes to be necessary to his defense. See Collins, 720 F.2d at 1199. The defendant must provide formal notice under Section 5 even if the government believes or knows that the defendant may assert a defense involving classified information. See United States v. Badia, 827 F.2d 1458, 1465-66 (11th Cir. 1987), cert. denied, 485 U.S. 937 (1988).

Section 5 specifically prohibits the defendant from disclosing any classified information in a trial or pretrial proceeding until such notice has been given, the government has had the opportunity to seek a determination pursuant to Section 6, and any appeal by the government under section 7 has been decided or the time for filing an appeal has expired. 18 U.S.C. App. III Section

5(a). If the defendant fails to provide the requisite pretrial notice, then the court may preclude disclosure of any classified information not made the subject of notification, and may prohibit the defendant from examining any witness with respect to such information. Id. Section 5(b).

After the defendant files the requisite notice, under Section 6(a), the government may request a hearing at which the court will make "all determinations concerning the use, relevance or admissibility" of the proposed defense evidence. 18 U.S.C. App. III Section 6(a). Upon such a request, the court shall conduct a hearing. Id. Such hearing shall be conducted in camera if the Attorney General certifies to the court that a public proceeding may result in the disclosure of classified information. Id. Prior to the hearing, the government must first provide the defendant with notice of the classified information that will be at issue. Id. Section 6(b)(1). If the particular information was not previously available to the defendant, the government may, with the court's approval, provide a generic description of the material to the defendant. Id. The court may also, upon request of the defendant, order the government to provide the defendant prior to trial "such details as to the portion of the indictment or information at issue in the hearing as are needed to give the defendant fair notice to prepare for the hearing." Id. Section 6(b)(2).

If the government requests a hearing before the proceeding at which the defendant expects to disclose the classified information, the court must issue a ruling before the proceeding commences. Id. Section 6(a). The court's ruling must be in writing and should set forth the basis for its determination as to each item of classified information. Id.

If, after an in camera hearing, the court determines that the classified information at issue may not be disclosed or elicited during the proceeding, the record of the hearing must be sealed and preserved for use in the event of an appeal. Id. Section 6(d). If the court finds the classified

evidence may be disclosed or elicited, the government may move for, and the court may authorize: (1) the substitution of a statement admitting relevant facts that the specific classified information would tend to prove, or (2) the substitution of a summary of the classified information. Id. Section 6(c)(1).

If the court denies the government's motion for substitution under Section 6(c), CIPA permits the government, by affidavit from the Attorney General, to object to the disclosure of the classified information at issue. Id. Section 6(e)(1). Upon the government's filing of the Attorney General's affidavit, the court "shall order that the defendant not disclose or cause the disclosure of such information," id., and may impose a sanction against the government to compensate for the defendant's inability to present proof of the specific item of classified information. See S. Rep. 96-823 at 9, 1980 U.S.C.C.A.N. at 4302-3. Section 6(e)(2) provides a sliding scale of possible sanctions, which include dismissal of specific counts, finding against the government on an issue to which the classified information related, striking or precluding testimony of a witness, or dismissing the indictment. 18 U.S.C. App. III Section 6(e)(2). An order imposing a sanction shall not take effect until the government has the opportunity to appeal the order under Section 7 and thereafter withdraw its objection to the disclosure of the information. Id.

Whenever the court rules at a Section 6(a) hearing that classified information is admissible, the court must require the government to provide the defendant with information it expects to use to rebut the classified information "unless the interests of fairness do not so require." Id. Section 6(f). The court may place the United States under a continuing duty to disclose rebuttal information. Id. If the government fails to comply, the court may exclude the rebuttal evidence and prohibit the government from examining any witness with respect to such information. Id.

F.  Section 7 - Interlocutory Appeal

Section 7 permits the United States to take an interlocutory expedited appeal to the appellate court if the district court: (a) authorizes the disclosure of classified information; (b) imposes sanctions for nondisclosure of classified information; or (c) refuses to issue a protective order sought by the United States to prevent the disclosure of classified information. Id. Section 7. If an appeal is taken, trial shall not commence, or must be adjourned if already commenced, until the appeal is resolved. Id. Such an appeal and decision does not affect the defendant's right to lodge a subsequent appeal upon conviction of an adverse ruling by the trial court. Id. Section 7(b).

G.  Section 8 - Procedures Governing the Introduction of
    Classified Information at Trial or at Pretrial Proceeding

Section 8 prescribes additional protections and procedures governing the introduction of classified information into evidence. Id. Section 8. Specifically, Section 8(a) provides that classified documents may be admitted into evidence without changing their classification status. This provision allows the classifying agency, upon completion of the trial, to decide whether information has been so compromised that it could no longer be regarded as classified. See S. Rep. No. 96-823 at 10, 1980 U.S.C.C.A.N. at 4304.

Section 8(b) permits the court to order admission into evidence of only a part of a document when fairness does not require the whole document to be considered. The purpose of this provision is to clarify Federal Rule of Evidence 106, known as the rule of completeness, in order to prevent unnecessary disclosure of classified information. Id. at 10-11, 1980 U.S.C.C.A.N. at 4304.

Section 8(c) provides a procedure to address the problem presented at a proceeding when the defendant's counsel asks a question or embarks on a line of inquiry that would require the witness to disclose classified information. Id. at 11, 1980 U.S.C.C.A.N. at 4304. Specifically,

under Section 8(c), the government may object to any question or line of inquiry that may require the witness to disclose classified information that was not previously held to be admissible. 18 U.S.C. App. III Section 8(c). Following an objection, the court "shall take such suitable action to determine whether the response is admissible as will safeguard against the compromise of any classified information." Id. In effect, this procedure supplements the notice provision under Section 5 and the hearing provision in Section 6(a) to cope with situations that cannot be handled effectively by those sections, such as where the defense counsel does not realize that the answer to a given question will reveal classified information. S. Rep. No. 96-823 at 11, 1980 U.S.C.C.A.N. at 4304-5.

      H.      <u>Section 9 - Security Procedures</u>

Section 9 requires the Chief Justice of the United States, in consultation with other executive branch officials, to prescribe rules establishing procedures to protect classified information in the custody of federal courts from unauthorized disclosure. 18 U.S.C. App. III Section 9(a). Security Procedures established by former Chief Justice Burger pursuant to this provision are codified directly following Section 9 of CIPA.

      I.      <u>Section 9A - Coordination Requirement</u>

Section 9A requires an official of the Department of Justice and the appropriate United States Attorney to provide timely briefings of the fact and status of a prosecution involving classified information to a senior official of the agency in which the classified information originated. Id. Section 9A(a).

      J.      <u>Section 10 - Identification of Information Related to the National Defense</u>

This section applies in espionage or criminal prosecutions in which the government must

prove as an element of the crime charged that certain material relates to the national defense or constitutes classified information. See S. Rep. 96-823 at 11-12, 1980 U.S.C.C.A.N. at 4305. In such a circumstance, Section 10 requires the government to inform the defendant of which portions of the material it reasonably expects to rely upon to prove the national defense or classified information element of the crime. 18 U.S.C. App. III Section 10.

      K.      Sections 11-15 - Miscellaneous Provisions

The remaining sections of CIPA contain various housekeeping provisions. Section 11 provides for amendments to Sections 1 through 10 of CIPA. Section 12 requires the Attorney General to issue guidelines regarding the exercise of prosecutorial discretion over cases in which classified information may be revealed and requires preparation of written findings when prosecution of such cases is declined. Section 13 requires the Attorney General periodically to report such declination decisions to Congress and, where necessary, to report on the operation and effectiveness of CIPA. Section 14 identifies the senior officials to whom the functions and duties of the Attorney General under CIPA may be delegated. Finally, Section 15 provides the effective date of CIPA.

ARGUMENT

The defendant in this case was originally charged with one count of conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h) (Count One), and seven counts of laundering monetary instruments, in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and 2 (Counts Two through Eight). Counts Two through Eight have since been dismissed against the defendant pursuant to a motion by the United States. The defendant was detained in the Republic of Cabo Verde while in transit from the Bolivarian Republic of

Venezuela to the Islamic Republic of Iran on June 12, 2020. After extensive litigation in Republic of Cabo Verde, the defendant was ultimately extradited to the United States for prosecution on the above charges in October 2021. Defendant is currently claiming that he is immune from prosecution in the United States based on his alleged diplomatic status with the Bolivarian Republic of Venezuela and its international relations with the Islamic Republic of Iran and has requested discovery as to the United States government's knowledge concerning his purported diplomatic status in the Bolivarian Republic of Venezuela. The United States does not concede that any knowledge of or opinion concerning the purported diplomatic status of the defendant by the United States is material to any defense but has agreed to conduct a search of materials consistent with the government's Rule16 and *Brady* obligations and the Court's order dated July 15, 2022.

The United States anticipates that issues relating to classified information may arise in connection with this case. Accordingly, the United States respectfully moves for a pretrial conference, to be set at a later date, to consider such matters pursuant to Section 2 of CIPA.

The United States does not ask the Court set a pretrial conference date at this time, as such a conference may still be premature. The United States will meet with defense counsel to seek to resolve some, if not all, preliminary CIPA issues, including agreement upon appropriate protective orders. The United States therefore is filing this motion now simply to preserve its right to a pretrial conference in the future once these initial matters have been settled, and also, as noted, to provide the Court and parties with an initial overview of CIPA.

Respectfully submitted,

JUAN ANTONIO GONZALEZ

UNITED STATES ATTORNEY

By: */s/ Kurt K. Lunkenheimer*
    Kurt K. Lunkenheimer
    Assistant U.S. Attorney
    Court ID No. A5501535
    99 N.E. 4th Street
    Miami, Florida 33132-2111
    TEL (305) 961-9008
    Kurt.Lunkenheimer@usdoj.gov

LORINDA I. LARYEA
ACTING CHIEF, FRAUD SECTION
Criminal Division
U.S. Department of Justice

By: */s/ Alexander Kramer*
    Alexander Kramer
    Trial Attorney
    Criminal Division, Fraud Section
    U.S. Department of Justice
    Court ID No. A5502240
    1400 New York Ave. NW
    Washington, DC 20005
    TEL (202) 768-1919
    alexander.kramer@usdoj.gov