IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ALEX NAIN SAAB MORAN, *et al.*,<br><br>Defendants. | Case No. 19-20450-CR-Scola |

**DEFENDANT ALEX SAAB'S RESPONSE TO GOVERNMENT'S MOTION FOR A PRETRIAL CONFERENCE PURSUSANT TO 18 U.S.C. APP. III SECTION 2 & MEMORANDUM OF LAW REGARDING THE
<u>CLASSIFIED INFORMATION PROCEDURES ACT</u>**

Like the young St. Augustine's prayer, "God make me good, but not yet," the instant motion asks the Court to schedule a Section 2 pretrial conference, but not yet. The restless adolescent's plea is amusing—the government's is bizarre. No less bizarre, however, than its stated position—during the September 6 telephonic Court conference—that a CIPA Section 2 hearing would be little more than a recitation of its brief, explaining CIPA's sum and substance. The government's assertion here is belied by CIPA's plain language, its legislative history, case law, and the Department of Justice's own practice in other cases. The Court's scheduling of a Section 2 conference for September 13 was an appropriate and necessary response.

CIPA establishes a process whereby both the defendant's constitutional right to a fair trial, and the government's interest in protecting national security information, can both be vindicated. *See, e.g., United States v. Libby*, 453 F. Supp. 2d 35, 37 (D.D.C. 2006) (citing *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) ("The statute was designed to reconcile, on the one hand, a criminal defendant's right to obtain prior to trial classified information and introduce such material at trial, with, on the other hand, the government's duty to protect from disclosure sensitive

information that could compromise national security."). The Section 2 hearing is a critical part of that process, and its subject matter necessarily covers far more than the government claims.

Section 2 provides in relevant part that "any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution," and that:

> [T]he court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by section 5 of this Act, and the initiation of the procedure established by section 6 of this Act. In addition, at the pretrial conference the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial.

18 U.S.C. App. III Section 2. This plain language commands that a Section 2 conference address scheduling issues involving the discovery of classified information and when notifications must be made under section 5 (by the Defendant) and 6 (by the government). In addition, not only is a Section 2 hearing meant to include a candid and wide ranging treatment of these issues, but to ensure such a hearing, the statute also provides that "[n]o admission made by the defendant or by any attorney for the defendant at such a conference may be used against the defendant unless the admission is in writing and is signed by the defendant and by the attorney for the defendant." *Id.* These requirements are highly unusual, if not unique, in federal law. And, of course, the government itself concedes that this language is designed "[t]o foster open discussions at the pretrial conference." Mot., ECF No.124 at 4.

This broad view of Section 2 is fully supported by CIPA's legislative history. In particular, the Senate report on the bill explained Section 2's purpose as follows:

> A conference will aid in ensuring that issues involving classified information are identified at the earliest possible time. At the conference, the court should set a schedule for discovery of classified information, for notice by the defendant who reasonably

2

> expects to disclose or cause the disclosure of classified information as required by section 5, and for the hearing on questions regarding the use of classified information.

S. Rep. No. 96-823, at 5 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4298-99.

Courts also construe Section 2 broadly, in accordance with its plain text. In *United States v. Brown*, No. 5:14-CR-58-FL, 2014 WL 1572553 (E.D.N.C. Apr. 18, 2014), a material support of terrorism case, the court explained its expectations for a Section 2 conference. The court noted that, "[g]enerally speaking, CIPA processes are tedious, time consuming . . . and require significant dedication of resources by all involved." *Id.* at *5. This includes the disclosure of discoverable materials that may involve several agencies, as in this case. "The CIPA § 2 conference requirement promotes an orderly focus on these types of considerations at an early stage." *Id.*

Thus, the *Brown* court explains, "[a]t the CIPA § 2 conference, the government's representative necessarily would preview issues bearing on the timeliness and format of its presentation of CIPA § 4 materials." *Id.* at *4. And that "[a] CIPA § 2 conference affords occasion to test the government's assumptions about the volume of classified materials, and the possibility of declassification. The court will inquire into when various agency approvals are anticipated and how soon the material may be able to be turned over to the defense." *Id.* at *5. Other matters identified by the court to be addressed included scheduling "deadlines for production of classified discovery" and the "[m]echanics of filing and redaction processes also will be discussed, and the Court Information Security Officer ("CISO") assigned to the case will be available to respond to questions." *Id.* at *5-6. *See also United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) ("Section 2 [of CIPA] provides for a pretrial conference to establish timetables for discovery and for the procedures established by other sections of CIPA (*i.e.*, the alternative procedures for disclosing classified information in § 6."); *United States v. Lustyik*, No. 2:12-CR-645-TC-DBP,

2014 WL 4792790, *2 (D. Utah Sept. 25, 2014) ("The court held the [Section 2 pretrial conference] hearing on May 3, 2013, and issued a scheduling order outlining deadlines for filings under Section 4 of CIPA.").

Additionally, the government's September 6 claims that scheduling cannot or should not be a part of the Section 2 conference set for September 13 are inconsistent with positions it has taken before other courts in similar circumstances. In *United States v. Mechanic*, the government moved for a CIPA Section 2 pretrial conference "to establish a discovery and motion schedule relating to any classified information." *See* Memorandum of Law in Support of Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act, *United States. v. Mechanic*, No. 15-CR-00204, 2015 WL 5144017 (S.D. Tex. Aug. 18, 2015). In addition, the government also promised in *Mechanic* that "[p]rior to the conference, the government will endeavor to identify all possible classified material and determine its potential applicability, nature, and volume. At the Section 2 conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA . . ."). *Id.*

Similarly, in *United States v. Naseer*, the government moved:

> [F]or a pretrial conference pursuant to Section 2 of CIPA to establish a discovery and motion schedule relating to any classified information. . . . At the Section 2 pretrial conference, the government will provide an estimate of the time necessary to conduct a complete review of any potentially relevant classified information. Based on that estimate, the government will request a schedule for the filing of motions, pursuant to Sections 3 and 4 of CIPA, relating to the deletion, substitution and/or disclosure pursuant to a protective order of classified information otherwise subject to discovery under the Federal Rules of Criminal Procedure.

Memorandum of Law in Support of Motion for a Pretrial Conference Pursuant to the Classified Information Procedures Act, *United States v. Naseer*, No. 10-CR-19 (S-3) (RJD), 2013 WL 10154397 (E.D.N.Y. Sept. 25, 2013).

With respect to the Section 2 conference scheduled for September 13, the Defendant believes that, at a minimum, the following topics should be addressed:

1. The total volume of the classified information responsive to Defendant's requests.

2. Scheduling of the government's production of classified materials and related timelines, keeping in mind that the government has been aware of the materials sought by Defendant for many months.

3. The manner in which the government will present classified materials to the defense, which should be on an agency-by-agency basis, as soon as reviews are completed so as to provide the information to the defense as quickly as possible, but also with certain timetables/deadlines established.

4. The methods that may be used to secure the classified information contained within responsive documents, which the Defendant believes should be by redaction.

5. Whether the government should be required to publicly file redacted versions of any filings it submits to the Court in advance of any Section 4 *ex parte* hearings, at least to the extent they concern the discoverability of the classified materials.[1]

---

[1] As the court in *United States v. Brown* explained:

> Many classified motions and orders can be placed on the public docket once they are appropriately redacted by the government. There is utility, too, in requiring redaction of classified filings rendered *ex parte*. An orderly redaction process will be imposed in the case so that redacted filings are publicly docketed timely. This aspect of conference discussion also will be aided by the participation of the CISO.

2014 WL 1572553 at *6.

6.    How the Court may be able to assist in expediting security clearances for defense counsel.[2]

Finally, although Defendant will not address all of the government's statements in its Motion, most of which are premature as addressing procedures generally applicable after a Section 2 pretrial conference is completed, it is important to note the government's discussion of Section 4, and its failure to articulate the relevant standard for determining whether classified information must be provided to the Defendant.

In this regard, Section 4 provides that "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery." The statute does not define a "sufficient showing." The Eleventh Circuit has not considered the question, although it has joined the majority of Circuits in holding that CIPA did not, as the government also states, change existing law. Mot., ECF No. 124 at 3 (citing *United States v. Johnson*, 139 F.3d 1359, 1365 (11th Cir. 1998)). *See also United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989) ("Congress did not intend to alter the existing standards for determining relevancy and admissibility of evidence.").

Accordingly, CIPA did not change the privilege standard at issue in cases involving classified information. As the D.C. Circuit found in *United States v. Mejia*, 448 F.3d 436, 455

---

[2] This too is a proper subject for a Section 2 pretrial conference, as the government has indicated in the past. *See* Third Motion of the United States for Pretrial Conference and a Protective Order Pursuant to the Classified Information Procedures Act, *United States v. Al-Arian*, No. 8:03-CR-77-T-30-TBM, 2005 WL 5839649 (M.D. Fla. May 5, 2005) (noting that "[s]ection 2 also permits the District Court to consider other matters relating to classified information, such as security procedures, clearances and the like."). In addition, the early processing of such clearances is critical. As explained by the *United States v. Amawi* Court, in affirming the district court's holding that there was no discoverable classified material in that case, "if the district court *had* determined that some classified information was discoverable at some late junction in the proceedings, then security clearances would have become urgently necessary, and the government would have needed, on an expedited basis, to process the clearances. In such a case, a government decision not to process clearances at all could result in delays in the trial or affect the ability of defense counsel to represent their clients." 695 F.3d 457, 473 (6th Cir. 2012).

6

(D.C. Cir. 2006), CIPA "does not itself create a privilege against discovery of classified information." In that case, the District Court had concluded certain classified material was not discoverable under CIPA as "it was not subject to discovery under *Brady v. Maryland*." *Id.* at 454. The court of appeals considered the merits of this conclusion de novo and disagreed based upon its earlier ruling in *United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989), where the court had given "content to the classified information privilege" by adopting the test applied by the Supreme Court in *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957)—the material must be "at least helpful to the defense of [the] accused." *Mejia*, 448 F.3d at 455 (internal quotation marks omitted).[3] As the *Mejia* court went on to explain, "[w]hile *Brady* information is subsumed within the larger category of information that is 'at least helpful' to the defendant, information can be helpful without being 'favorable' in the *Brady* sense." *Id.* at 456-457. *See also United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) ("[t]o be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland* [citation omitted] to disclose exculpatory information.").

Once a determination is made regarding whether classified material is "relevant and helpful" to Defendant, and so must be disclosed, the Court can consider the format in which it will be provided. *See United States v. Campa*, 529 F.3d 980, 995 (11th Cir. 2008) ("When the discovery obligations of the government would otherwise require it to disclose documents that contain classified information, section four [of CIPA] allows the district court to permit the government either to redact the classified information or to substitute a summary or a statement of factual admissions in place of the classified documents.").

---

[3] *United States v. Yunis* is generally considered to be the leading case in this area, holding "that evidence that 'is relevant and helpful to the defense' cannot be withheld.'" *Amawi*, 695 F.3d at 469-470 (noting that, in addition to the Sixth and D.C. Circuits, this rule is followed by the Second, Fourth, Ninth and Fifth Circuits).

It should be noted, however, that in determining whether the classified material is "relevant or helpful" the court steps into a very unusual position. The Eleventh Circuit has confirmed that the Court may grant the government *ex parte* hearings on this question. *Id.* At the same time, this requires the Court alone to protect the defendant's right to a fair trial. As the Sixth Circuit explained in *Amawi*, in determining whether to permit the government to withhold classified information under CIPA, the

> court is placed in a somewhat unfamiliar posture. Rather than neutrally deciding disputes with an open record based on the adversarial process, we must place ourselves in the shoes of defense counsel, the very ones that cannot see the classified record, and act with a view to their interests. . . . Acting as if we were in essence standby counsel for the defendant, we must determine what may be 'relevant and helpful' to them. This is not a position we relish, yet it is required by CIPA.

695 F.3d at 471. The *Amawi* court was, of course, speaking as an appellate court, but the same obligation also necessarily falls on the district court in the *ex parte* context.

## **CONCLUSION**

For the foregoing reasons, Defendant believes that, in accordance with the requirements of CIPA Section 2, the "the court may consider any matters which relate to classified information or which may promote a fair and expeditious trial" at the pretrial conference scheduled for Tuesday, September 13, 2022, including the scheduling and establishing of deadlines for the government's production to Defendant of responsive classified materials.

Dated: September 9, 2022

                                              Respectfully submitted,

                                              BAKER & HOSTETLER LLP

                                              /s/ *Lindy K. Keown*
                                              Lindy K. Keown (FL: 117888)

Case 1:19-cr-20450-RNS   Document 131   Entered on FLSD Docket 09/09/2022   Page 9 of 9

200 South Orange Avenue
Suite 2300
Orlando, Florida 32801
Tel: (407) 649-4000
lkeown@bakerlaw.com

/s/ *David B. Rivkin, Jr.*
David B. Rivkin, Jr. (*pro hac vice*)
Elizabeth Price Foley (FL: 92380)
Jonathan R. Barr (*pro hac vice*)
1050 Connecticut Avenue, N.W.
Suite 1100
Washington, DC 20036
Tel: (202) 861-1500
drivkin@bakerlaw.com
efoley@bakerlaw.com
jbarr@bakerlaw.com

Jonathan B. New (*pro hac vice*)
45 Rockefeller Plaza
11th Floor
New York, New York 10111
Tel: (212) 589-4200
jnew@bakerlaw.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Lindy K. Keown*
Lindy K. Keown

9