UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case Number: <u>19-cr-20450-SCOLA</u>

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

**ALEX NAIN SAAB MORAN,**

        **Defendant.**

_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO PERMIT TESTIMONY BY VIDEOCONFERENCE

The United States of America, by and through the undersigned counsel, hereby opposes Defendant Alex Nain SAAB MORAN's ("SAAB MORAN") Motion To Permit Witness Testimony By Videoconference (hereinafter the "Motion"). While initially stating that there was no need for an evidentiary hearing, ever since an evidentiary hearing was set, SAAB MORAN has intended to have his foreign witnesses testify via videoconference and has made minimal efforts to have the witnesses come to the United States, and no efforts to ensure proper safeguards are in place to ensure the integrity of any witnesses' testimony. As such, the United States opposes the Motion.[1]

## PROCEDURAL BACKGROUND

Upon agreement of the parties, the parties are now preparing to litigate the issue of whether SAAB MORAN is immune from prosecution for the crime charged against him. The Court has set a briefing schedule on the issue and set an evidentiary hearing for the week of October 31, 2022.

---

[1] It should be noted that the United States does not oppose these witnesses testifying at the evidentiary hearing on behalf of SAAB MORAN, though the United States questions the relevancy and admissibility of their testimony. The United States opposes the taking of their testimony live, from an unknown remote location, as elaborated upon *infra*, with no safeguards in place to preserve the sanctity of the United States judicial system.

Counsel for SAAB MORAN has indicated since the initial evidentiary hearing was set that they intended to call witnesses to testify at the hearing via video conferencing. The United States immediately expressed its opposition to video conferencing for the proposed testimony. On June 20, 2022, counsel for SAAB MORAN first informed the United States of five potential witnesses that it may call at the evidentiary hearing. None of those five potential witnesses is VZ Witness 1 or 2. Two days later, on June 22, 2022, the United States requested the biographical information of those potential witnesses or copies of their passports. On July 22, 2022, counsel for SAAB MORAN finally provided a passport and documentation of a visa appointment at the United States consular's office in Bogota for one witness. The passport was for VZ Witness 1. On August 17, 2022, the United States asked for information concerning the visa application, the receipt for the visa interview appointment with a bar code on it, in order to inquire about the application with the necessary United States agencies responsible for the visa application process. The United States did not receive any information until August 30, 2022. The United States has never been provided any documentation verifying the COVID-19 vaccination status of any potential witness for the evidentiary hearing.

## ARGUMENT

The United States opposes SAAB MORAN's Motion, as the proposed live video testimony does not meet the necessary standards for such testimony. While the testimony requested by SAAB MORAN is for a pre-trial evidentiary hearing before the Court, Federal Rule of Criminal Procedure 26 states that "[i]n every trial the testimony of witnesses must be taken in open court, unless otherwise provided by a statute or by rules..." Fed. R. Crim. P. 26. Live testimony is preferred due to the fact that "[t]he simple truth is that confrontation through a video monitor is not the same as physical face-to-face confrontation." *United States v. Yates*, 438 F.3d 1307, 1315 (11th Cir. 2006).

While not directly on point, Rule 43(a) of the Federal Rules of Civil Procedure provides guidance when taking testimony from outside the courtroom. *See United States v Guild*, No. 07-cr-404, 2008 WL 191184 (E.D. Va. Jan. 17, 2008). Rule 43(a) states that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." "Rule 43(a) requires appropriate safeguards, including: 1) accurate identification of the witness; 2) protection of influence from persons present with the witness; and 3) accurate transmission." *VMX-GLOBAL USA, LLC v. Noble Envtl. Tech*, 339 F.R.D. 690, 692 (S.D. Fla. Oct. 27, 2021) (citing *Jennings v. Bradley*, 419 F. App'x 594, 598 (6th Cir. 2011)). SAAB MORAN, in his Motion, has not proposed any safeguards to ensure the integrity of the testimony it proposes to take abroad.[2] SAAB MORAN does not propose the location of the testimony, who would be present at that location during the testimony to ensure that there is no undue influence or coaching of the witnesses, or how the Court could be assured that the witnesses are providing their testimony voluntarily and of their own free will. [DE 127.] In addition, their proposal provides no evidence that the swearing in of the witnesses and subjecting them to potential perjury criminal charges will have any meaningful effect if the witnesses choose to lie during their testimony. [*Id.*] The undersigned has raised these issues with counsel for SAAB MORAN before the Motion was filed. Their response thus far has been that they have no intention of sending anyone to Venezuela, if that is the location of the remote testimony, to ensure nothing improper takes place during the proposed testimony. As such, the Motion should be denied.

---

[2] To date, SAAB MORAN has provided two names of the potential witnesses it intends to call at the evidentiary hearing and has only provided the passport biographical page for one of those witnesses, which could assist in accurately identifying that one witness.

In *United States v. Guild*, when the defendant proposed remote witness testimony, the defendant "submitted to the Court that United States Consular Officers will be available in the remote locations where the witnesses are being videotaped. These persons will be available to swear the witnesses and provide an assurance that the proceedings maintain the appropriate level of formality and accuracy." 2008 WL 191184, at *4. In *United States v. Smith*, while granting the defendant's request for remote testimony, the court mandated that the witness testify "at a federal courthouse in Oklahoma and he must be sworn as a witness by a deputy clerk of court in that District who must remain in the room with him at all times during the testimony." No. 09-cr-100, 2010 WL 5211498, at *2, (W.D. N.C. Dec. 16, 2010). In *United States v. Jimenez*, in approving the defendants' request for the use of video testimony of witnesses in China, the Court granted the request as the witness would be testifying from the United States Consulate in China. No. 16-00153, 2017 WL 3568670, at *1 (S.D. Ala. Aug. 17, 2017).

If the proposed site of the remote testimony is Venezuela, that adds concern that SAAB MORAN has not proposed any safeguards for the taking of this remote testimony. Consistent with the U.S.-Venezuela Extradition Treaty, and as indicated by Article 69 of the Constitution of Venezuela, Venezuela does not permit the extradition of its own nationals. Given this, there would be no recourse for any official of the Maduro regime testifying in Venezuela in favor of SAAB MORAN for committing perjury before this Court. In *United States Banki*, the court in denying a defense request for remote testimony during trial stated:

> Unlike any of the cases Defendant cites in support of his motion … this case presents the difficult situation of witnesses who are entirely beyond the reach of the United States government. This country has no diplomatic relations with Iran and no means to extradite even U.S. citizens residing within its borders. Even if the Court were to administer the oath to the Iranian witnesses over the computer monitor in real time, there is no way to ensure truth-telling as the Government cannot prosecute the witnesses for perjury or for the making of false statements. Without the teeth of the penalty of perjury, the oath becomes nothing more than an

    empty recital. Thus, the strongest indicator of the reliability of a witness' testimony—the oath—is effectively absent here.

No. 10-cr-08, 2010 WL 1063453, at *2 (S.D.N.Y. Mar. 23, 2010); *see also United States v. Buck*, 271 F. Supp. 3d 619, 624 (S.D.N.Y. 2017) (denying remote testimony of Swiss nationals from Switzerland as the Swiss Government cannot extradite its own citizens) ("[T]hese witnesses' testimony may essentially be free of any penalty of perjury, calling into doubt the reliability of any of the potential testimony."). As in *Banki*, if the Court were to allow the remote testimony, "[s]ince the witnesses are essentially free to say anything without reprisal, the Government's ability to cross-examine them in person and to directly observe the witnesses' demeanor, body language, and interactions in order to gauge the truth of their statements becomes especially important." *Id.*, at *3. As no safeguards have been proposed, the Motion should be denied in order "to protect the sanctity of the criminal proceedings." *Guild*, 2008 WL 191184, at *4.

## CONCLUSION

Based on the lack of safeguards proposed in the Motion, the United States respectfully asks that the Court deny the Motion.

                              JUAN ANTONIO GONZALEZ
                              UNITED STATES ATTORNEY

                              By: /s/ *Kurt K. Lunkenheimer*
                                  Kurt K. Lunkenheimer
                                  Assistant U.S. Attorney
                                  Court ID No. A5501535
                                  99 N.E. 4th Street
                                  Miami, Florida 33132-2111
                                  TEL (305) 961-9008
                                  Kurt.Lunkenheimer@usdoj.gov

                              GLENN LEON
                              CHIEF, FRAUD SECTION
                              Criminal Division
                              U.S. Department of Justice

By: */s/ Alexander Kramer*
    Alexander Kramer
    Trial Attorney
    Criminal Division, Fraud Section
    U.S. Department of Justice
    Court ID No. A5502240
    1400 New York Ave. NW
    Washington, DC 20005
    TEL (202) 768-1919
    alexander.kramer@usdoj.gov