**DEFENDANT EXHIBIT**
CASE NO. 19-20450-CR-Scola
EXHIBIT NO. Y

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

H.R.H. PRINCE TURKI-BIN ABDULAZIZ,
PRINCESS HEND AL-FASSI, his wife,
and SHEIKHA FAIZA ALI HELMI,

    Plaintiffs,

vs.

METROPOLITAN DADE COUNTY, a political
subdivision of the State of Florida,
TOM PETERSON, J. COLLINS, et al.,

    Defendants.

CASE NO. 82-0422-Civ-JWK

FILED BY _____ DC

'82 JUN 23 AM 9 02

JOSEPH I BOGART
CLERK US DIST. CT.
SD OF FLA.-MIAMI

SUPPLEMENT TO PLAINTIFFS'
MOTION TO DISMISS

    Plaintiffs, H.R.H. Prince Turki-Bin Abdulaziz, Princess Hend Al-Fassi, his wife, and Sheikha Faiza Ali Helmi, by and through their undersigned attorneys respond to the various objections of Defendants/Counterplaintiffs by supplementing their Motion to Dismiss as follows:

    1. THE DEPARTMENT OF STATE'S DETERMINATION CONCERNING THE RECOGNITION OF DIPLOMATIC IMMUNITY IS CONCLUSIVE AND IS TO BE ACCORDED JUDICIAL DEFERENCE.

    It is a well established principal that State Department determinations concerning an individual's diplomatic status are to be accepted by the courts. In re: Baiz, 135 U.S. 403, 432 (1890); Carrera v. Carrera, 174 F. 2nd 496, 497 (D.C. Cir. 1949).

    The Diplomatic Relations Act does not alter this principal. The Diplomatic Relations Act affected immunity in two ways: It repealed the 1790 Immunities Act and it prevented automobile insurance companies from asserting the diplomatic immunity accorded the insuree. Senate Comm. on Foreign Relations, 96th Cong., 1st Sess., report on legislative history of the Diplomatic Relations Act 55 (Comm. Print 1979). The Diplomatic Relations Act implemented the Vienna Convention on diplomatic relations. Id. the Diplomatic Relations Act also changed the procedure for asserting immunity. An individual, rather than the Department of State, is to assert the privilege before the court. 22 U.S.C. § 254 d (1980).

    The case of Vulcan Ironworks v. Polish American Machinery Corp., 479 F. Supp. 1060 (S.D. N.Y. 1979), relied on by the Defendants, is not precedent in the Southern District of Florida, and moreover, is inapplicable

1


RECD 6-23 TO JUDGE 6-24
BY OC 132

to the situation of the Prince and Princess. In Vulcan, the court explicitly stated that the State Department had not made a "suggestion of immunity", Id. at 1068.

Moreover, the Supreme Court has stated that the reason underlying judicial deference to the executive branch is that courts should "not so exercise their discretion . . . as to embarrass the executive arm of the government in conducting foreign relations." Ex parte Republic of Peru, 318 U.S. 578, 588 (1943).

2. PRINCE TURKI-BIN ABDULAZIZ PURSUANT TO THE VIENNA CONVENTION IS A HEAD OF A MISSION.

Pursuant to the Vienna Convention, a copy of which has been previously filed, Article 14 (b) states that an envoy is a head of a mission. Article 14 further provides that except as concerns procedure and etiquette, there shall be no differentiation between heads of mission by reason of their class.

Likewise, Article 1 (i) of the Vienna Convention defines the premises of the mission as follows:

> The buildings or parts of buildings and the land ancillary thereto, irrespective of ownership, used for the purposes of the mission including the residence of the head of the mission.

Clearly, from the above, under the Vienna Convention, Prince Turki-Bin Abdulaziz is a head of a mission and his apartment at the Crickett Club comprise the premises of the mission.

Accordingly, the Department of State has, in its certification recognized the applicability of the Vienna Convention to the Prince and his family by virtue of their position as "special envoys".

3. UNITED STATES DISTRICT JUDGE AUBREY R. ROBINSON, IN A COMPANION CASE IN THE DISTRICT OF COLUMBIA HAS HELD THAT THE DISTRICT COURT IS OBLIGED TO ACCEPT U.S. STATE DEPARTMENT CERTIFICATION.

On June 16, 1982, the United States District Court for the District of Columbia in a case styled: Gloria Jean Banks, et al., Plaintiffs vs. Sheikh Allal Al-Fassi, et al., Defendants, Civil Action No. 81-2177, a copy of the Memorandum Opinion is attached hereto as Exhibit 1, held:

> This court is obliged to accept the State Department's certification that Prince Turki-Bin Abdulaziz is entitled to diplomatic immunity (and, by implication

2

through the operation of Article 37 of the Vienna Convention, that Princess Hend Al-Fassi, is equally entitled).

## CONCLUSION

For the foregoing reasons, and for the reasons stated in the Plaintiff's Motion to Dismiss, this action should be dismissed as to the Plaintiffs herein based upon the immunity deriving from their status as diplomatic agents.

WE HEREBY CERTIFY that a true and correct copy of the foregoing, Supplement to Plaintiffs' Motion to Dismiss, was mailed on this 22 day of June, 1982 to Ralph C. Rocheteau, III, Esq., Asst. County Atty., 1626 Courthouse Bldg., 73 W. Flagler St., Miami, Fla. 33130; Steven D. Ginsburg, Esq., 1501 N.W. 14th St., Suite 100, Miami, Fla. 33125; Kent A. Zaiser, Esq., Dept. of Legal Affairs, The Capitol, Suite 1501, Tallahassee, Fla. 32301; Jerry B. Katzen, Esq., Rash, Katzen, et al., 7900 Red Road, Suite 25, South Miami, Fla. 33143; Norman Malinski, Esq., City Natl Bank Bldg., 25 W. Flagler St., Miami, Fla. 33130; Ellis Rubin, Esq., Rubin and Young, 265 N.E. 26th Terrace, Miami, Fla. 33137.

Respectfully submitted,

Richard Ben-Veniste, Esq.
Ben-Veniste & Shernoff
4801 Massachusetts Ave., N.W.
Washington, D.C. 20016

and

Allan Rubin, Esq.
Rubin and Rubinchik, P.A.
500 Center Court Bldg.
2450 Hollywood Blvd.
Hollywood, Fla. 33020

and

LEE, SCHULTE, MURPHY & COE, P.A.
800 Peninsula Federal Bldg.
200 S.E. 1st St.
Miami, Fla. 33131

By _____
Jack M. Coe
(305) 371-7300

3

LAW OFFICES OF LEE, SCHULTE, MURPHY & COE, P. A.
SUITE 800, PENINSULA FEDERAL BUILDING, 200 SOUTHEAST FIRST STREET, MIAMI, FLA. 33131 · TEL (305) 371-7300

545