DEFENDANT EXHIBIT
CASE NO. 19-20450-CR-Scola
EXHIBIT NO. BK

*[Emblem: Republic of Cape Verde]*
**REPUBLIC OF CAPE VERDE**
**COURT OF THE JUDICIAL DISTRICT OF SAL**
**CRIMINAL COURT**
**Tel/Fax: 2411209**

It follows from the aforementioned law that the accused or formal suspect shall be heard by the Court of Appeal, *in casu* of Barlavento, however, due to the current situation, it would not be possible within the legally prescribed period to submit it to the Court of Appeal, which is why the provisions in Article 53/5 and 6 of the aforementioned law was implemented. Therefore, I declare his detention valid.

Let us now look at his maintenance, because the question that arises is whether until the accused or formal suspect is present at the Court of Appeal, his detention should be maintained or another enforcement measure applied (Articles 38/6 and 39 of the LCJIMP - Law of International Judicial Co-operation on Criminal Matters).

The accused or formal suspect came on a plane from Venezuela bound for Iran. He confirmed that he was in the country only in passing and that he was traveling as a diplomatic agent of the Bolivarian Republic of Venezuela. Were it not for the information and the international warrant issued, the accused or formal suspect would continue his journey normally, because he admits he was aware of such charges against him. Given the accused or formal suspect's way of traveling, it is clear that he has the knowledge and the means to travel / transport smoothly and at any time internationally, as the aforementioned plane does not belong to commercial flights and, not even the current situation of the Pandemic kept him in his country of origin or in his country of residence.

The formal suspect is accused of having committed crimes of money laundering and corruption, and given the seriousness of the accusation, the way the accused was detained and the existing international warrant against him, we believe that there is no justification to change the provisional detention measure, as nothing to date has been added to the records in that sense. Despite the defense alleging that he has health problems, no document was in the file to attest to this proposition, and even were it so, the local authorities have to ensure his physical well-being.

Thus, in the combined terms of the aforementioned articles of the International Judicial Cooperation Law on Criminal Matters, I determine that the defendant's provisional detention be maintained, under the terms and time frames established in that Law (Articles 29, 38, 39, 53/5 and 6, 62 and 64). That is why I order him to be taken to the prison establishment of this local island where he must wait until it is possible to take him to the São Vicente Court of Appeal, under the legal terms.

I also order the Public Prosecutor to arrange for transport and presentation to the Court with the utmost urgency.
Issue conduct warrants.
Refer these records to the Public Prosecutor.
Notify.
Espargos, 14th June 2020

The Judge
*(Signature)*
Adalgiza *(illegible)* dos Santos

2

*[Emblem: Republic of Cape Verde]*
**REPUBLIC OF CAPE VERDE**
**COURT OF THE JUDICIAL DISTRICT OF SAL**
**CRIMINAL COURT**
**Tel/Fax: 2411209**

**Decision**

The Public Prosecutor's Office came, through the learned support and furtherance of page 1, to promote the judicial hearing and the decision to validate and maintain the detention, in conjunction and combined with Articles 4/2, 29, 38, 39, 53/5, 62.64 of Law No. 6 / VIII / 2011 dated 29th August (Law of International Judicial Co-operation on Criminal Matters - LCJIMP) and 78, 259, 262, 272 and 274 all from the CPP of ALEX NAIN SAAB MORAN, claiming the constant in that promotion which is here fully reproduced.

It is clear from the provisional detention process, the letter sent to the District Attorney of this District by the Attorney General of the Republic (PGR), the order issued by the PGR of provisional detention for extradition, the referral by the National Director of the Judicial Police to the PGR Office of the international arrest warrant for the aforementioned citizen, the red alert arrest warrant issued by INTERPOL against the citizen Alex Nain Saab Moran, the certificate of his detention, the arrest report, the copy of his passport, the health declaration with details of the crew and passengers issued by the General Directorate of Emigration of the Bolivarian Republic of Venezuela, the communication made by the INTERPOL Office with the PGR Office, the arrest warrant issued by the Florida Court, indictment and photographs, whose contents are fully reproduced here.

The Law of International Judicial Co-operation on Criminal Matters – LCJIMP, determines that there should be mutual legal assistance and reciprocity in criminal matters and that Cape Verde is bound not only by its domestic laws but also by the international treaties, conventions and agreements of which it is a party and has ratified (Articles 1, 3 and 4).

The aforementioned accused or formal suspect has international arrest warrants pending against him, due to an accusation against him in the Florida Court. In his statements, he said that he learned from the news of these accusations that when he was arrested, he was explained the reason for the arrest, which is because there is an arrest warrant issued by INTERPOL.

The Law of International Judicial Co-operation on Criminal Matters – LCJIMP, establishes that, in the event of an emergency (Article 38) and as a prior act of a formal request for extradition, provisional detention of the person to be extradited may be requested.

Before the existing international warrant against the accused or formal suspect due to charges for facts that constitute a crime both in the USA and in Cape Verde, facts that have in our country, a penal framework of up to 12 years in prison, the national authorities have been informed that the accused would be on a flight that would be charged on this island, in view of such information, as well as the previously existing warrant, he would be detained by the authorities who had jurisdiction, presented in due time to the court, heard in the presence of the Public Prosecutor, constituted agent and interpreter, under the combined terms of Articles 6, 8, 78 and 88 of the Code of Criminal Procedure - CPP.

1
*(initials – illegible)*



**REPÚBLICA DE CABO VERDE**
**TRIBUNAL JUDICIAL DA COMARCA DO SAL**
**JUÍZO CRIMINAL**
Telefone/fax: 2411209

**Despacho**

Veio o Ministério Público, através da douta promoção de fls. 1, promover a audição judicial e decisão de validação e manutenção da detenção, nos termos conjugados dos arts. 4°/2, 29°, 38°, 39°, 53°/5, 62° e 64° da Lei de n° 6/VIII/2011 de 29 de agosto (Lei de cooperação judiciária internacional em matéria penal - LCJIMP) e 78°, 259°, 262°, 272° e 274° todos do CPP de ALEX NAIN SAAB MORAN, alegando o constante da referida promoção que aqui se dá por plenamente reproduzido.

Resulta do processo de detenção provisória, o ofício enviado ao Procurador de turno desta Comarca pelo Procurador Geral da República (PGR), o despacho proferido pelo PGR de detenção provisória para extradição, a remessa pelo Diretor Nacional da Polícia Judiciária para o Gabinete do PGR do mandado de detenção internacional do cidadão supra referido, o mandado de detenção com alerta vermelho emitido pela INTERPOL contra o cidadão Alex Nain Saab Moran, a certidão de sua detenção, o auto de notícia de sua detenção, a cópia do seu passaporte, a declaração sanitária com dados da tripulação e dos passageiros emitido pela Direção Geral de Emigração da Republica Bolivariana de Venezuela, a comunicação feita pelo Gabinete da INTERPOL com o Gabinete do PGR, o mandado de detenção emitido pelo Tribunal da Florida, acusação e fotografias, cujos conteúdos aqui se dão plenamente reproduzidos.

Determina a LCJIMP que deve haver auxílio judiciário mútuo e reciprocidade em matéria penal e que Cabo Verde está vinculado não só por suas leis internas como também pelos tratados, convenções e acordos internacionais de que faça parte e tenha ratificado (arts.1°, 3° e 4°).

O arguido acima mencionado tem pendente contra si mandados de detenção internacionais, devido a acusação contra ele no Tribunal da Florida, em suas declarações disse que soube através das notícias dessas acusações, que aquando de sua detenção foi-lhe explicado o motivo da mesma, que é porque há um mandado de detenção emitido pela INTERPOL.

Estabelece a LCJIMP que, em caso de urgência (art. 38°) e como ato prévio de um pedido formal de extradição pode solicitar-se a detenção provisória da pessoa a extraditar.

Ante ao mandado internacional existente contra o arguido devido a acusação por factos que constituem crime quer nos EUA, quer em Cabo Verde, factos esses que têm em nosso país, uma moldura penal de até 12 anos de prisão, foi comunicado as autoridades nacionais de que o arguido estaria num voo que iria abastecer-se nesta ilha, ante a tal informação, bem como ao mandado previamente existente o mesmo foi detido, por autoridades competentes, apresentado atempadamente a juízo, ouvido na presença do MP, mandatário constituído e intérprete, nos termos conjugados dos arts. 6°, 8°, 78° e 88° CPP.



**REPÚBLICA DE CABO VERDE**
**TRIBUNAL JUDICIAL DA COMARCA DO SAL**
**JUÍZO CRIMINAL**
Telefone/fax: 2411209

Resulta da citada lei que o mesmo deverá ser ouvido pelo Tribunal da Relação, in casu de Barlavento, todavia, devido a conjuntura atual, não seria possível dentro do prazo legalmente prescrito apresentá-lo ao Tribunal da Relação, razão pela qual deu-se cumprimento ao disposto no art. 53°/5 e 6 da citada lei. Sendo assim, declaro válida a sua detenção.

Vejamos agora sobre a manutenção da mesma, pois, a questão que se coloca é se até o arguido ser presente ao Tribunal da Relação deverá ser mantido sua detenção ou aplicar-lhe outra medida de coação (art. 38°/6 e 39° da LCJIMP).

O arguido veio num avião proveniente da Venezuela com destino ao Irão, o mesmo confirmou que estava no país somente de passagem e que viajava enquanto agente diplomático da República Bolivariana da Venezuela, se não fosse pela informação e pelo mandado internacional emitido, o arguido seguiria viagem normalmente, porquanto admite que tinha conhecimento de tais acusações contra si. Ante a forma o arguido como se deslocou, é evidente que o mesmo tem conhecimentos e meios para se deslocar/transportar sem problemas e a qualquer hora a nível internacional, pois o citado avião não pertence aos voos comerciais e, nem mesmo a conjuntura atual da Pandemia serviu para o manter no seu país de origem ou no seu país de residência.

O arguido é acusado de ter cometido crimes de lavagem de capital e corrupção, ante a gravidade da acusação, a forma como o arguido foi detido, ao mandado internacional existente contra ele, cremos que não se justifica proceder a alteração da medida de detenção provisória, porquanto nada até o momento junta aos autos abona nesse sentido. Não obstante a defesa alegar que o mesmo tem problemas de saúde, nenhum documento foi junto aos autos que atestasse tal tese, e ainda que assim fosse, as autoridades locais têm como assegurar o seu bem-estar físico.

Deste modo, nos termos conjugados dos artigos acima mencionados da Lei cooperação Judiciária Internacional em Matéria Penal, determino que se mantenha a detenção provisória do arguido, nos termos e prazos estabelecidos na referida lei (arts. 29°, 38°, 39°, 53°/5 e 6, 62° e 64°). Razão pela qual ordeno que o mesmo seja conduzido ao estabelecimento prisional desta ilha local onde deverá aguardar até que seja possível conduzi-lo ao Tribunal da Relação de São Vicente, nos termos legais.

Ordeno ainda que o MP diligencie com urgência máxima o seu transporte e apresentação no aludido Tribunal.

Passe mandados de condução.
Remeta-se estes autos ao MP.
Notifique-se.

Espargos, 14 de junho de 2020.

A Juíza de Direito

Adalgiza Milécia Perpétua dos Santos

2